**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD ERNEST ANAYA, | No. 11-17688 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00029-GGH |
| v. | |
| ROSANNE CAMPBELL, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding[**]

Submitted January 15, 2013[***]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

California state prisoner Richard Ernest Anaya appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

Cir. 2004), and we affirm.

The district court properly granted summary judgment on Anaya's deliberate

indifference claims because Anaya failed to raise a genuine dispute of material fact

as to whether defendants were deliberately indifferent in treating his chronic knee

injuries and rectal prolapse.  *See id.* at 1060-61 ("Deliberate indifference is a high

legal standard.  A showing of medical malpractice or negligence is insufficient to

establish a constitutional deprivation under the Eighth Amendment."); *Jackson v.*

*McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (to establish that a difference of

opinion amounted to deliberate indifference, a prisoner must show that the

defendants' chosen course of treatment was medically unacceptable and in

conscious disregard of an excessive risk to the prisoner's health).

The district court properly granted summary judgment on Anaya's

Americans with Disabilities Act claim because Anaya did not raise a triable dispute

as to whether he was discriminated against by reason of a disability.  *See O'Guinn*

*v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (listing elements of

claim under Title II of the ADA); *see also Simmons v. Navajo County*, 609 F.3d

1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

11-17688